IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIE RAY WILLIAMS,                                        CV. 08-297-KI

        Petitioner,                                       OPINION AND ORDER

   v.

MARK NOOTH,

        Respondent.

Thomas J. Hester
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon, 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Lester R. Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon, 97301-4096

    Attorneys for Respondent

KING, Judge

    Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.

1 -- OPINION AND ORDER

For the reasons set forth below, the petition is denied, and this proceeding is dismissed, with prejudice.

## BACKGROUND

On June 10, 2004, petitioner entered pleas of guilty and no contest to Unauthorized Use of a Motor Vehicle (5 counts), Unlawful Use of a Weapon, Criminal Mischief, and Possession of a Controlled Substance, as part of a global settlement of five criminal cases. At the time of his plea, petitioner had seven prior unauthorized use of a motor vehicle (UUMV) convictions. Tr. at 9.

The trial court imposed departure sentences of 26 months on the four UUMV counts, representing an additional 13 months above the presumptive sentence on each count. In total, petitioner was sentenced to concurrent and consecutive prison terms of 129 months. The trial judge explained the imposition of the departure sentences as follows:

> [T]here are enough departure factors for the Court, individually or together, to reach all the departures the State is seeking. We have persistent involvement in similar criminal activities, we have multiple victims, we have prior sanctions and incarcerations, which have not at this point changed, you know, the way you've acted. We have prior supervision . . . .
>
> * * * * *
>
> *** I would say that certainly in a couple of these, the harm's greater than what - in a normal UUV case. And there are some charges that are being dismissed because the State doesn't have the evidence, but there are also some others the State could have probably proceeded on, so there - I've got a handful of departure factors that I could rely on to depart if I needed to.

2 -- OPINION AND ORDER

TR at 23-24.

Two weeks after petitioner's sentencing, the U.S. Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004). Petitioner filed a direct appeal based on the holding in Blakely and Apprendi v. New Jersey, 530 U.S. 466 (2000), alleging that the trial court erred in imposing departure sentences based upon aggravating factors that were neither found by a jury nor admitted by defendant. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. State v. Williams, 207 Or. App. 437, 142 P.3d 126 (2006), rev. denied, 342 Or. 417 (2007).

Petitioner subsequently sought state post-conviction relief alleging that trial counsel was ineffective for failing to raise multiple objections to petitioner's departure sentences. The post-conviction court denied relief. Petitioner appealed, but later voluntarily dismissed that appeal.

## DISCUSSION

I. Standards.

A petition for writ of habeas corpus, filed by a state prisoner, shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law"; or "resulted in a decision that was based on an unreasonable

3 -- OPINION AND ORDER

determination of the facts in light of the evidence presented". 28 U.S.C. § 2254(d); Schriro v. Landrigan 550 U.S. 465, 473 (2007).

A state-court decision is "contrary to" clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result. Lockyer v. Andrade, 538 U.S. 63, 73 (2003); Bell v. Cone, 535 U.S. 685, 694 (2002). A state court unreasonably applies clearly established federal law when it is correctly identified, but applied in an objectively unreasonable manner to the facts of the case. Lockyer, 538 U.S. at 75-76; Bell, 535 U.S. at 694.

## II. Analysis.

Petitioner seeks federal habeas corpus relief on the basis that the state trial court's imposition of upward departure sentences, based upon the trial judge's factual finding of multiple victims or persistent involvement in similar offenses, violated his Sixth Amendment trial rights as set forth in Blakely.

Respondent moves the court to deny habeas corpus relief on the basis that the facts admitted by petitioner allowed for upward departure sentences based on the aggravating factor of multiple victims; or, in the alternative, if there was a Blakely violation, the error was harmless.

4 -- OPINION AND ORDER

In <u>Apprendi</u>, the Supreme Court held that every fact, other than the existence of a prior conviction, that raises the statutory maximum penalty to which a criminal defendant is exposed, must be pled in the indictment and proven to a jury beyond a reasonable doubt. 530 U.S. at 490. <u>Blakely</u>, in turn, held that the "statutory maximum penalty" under <u>Apprendi</u> "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 542 U.S. at 303 (emphasis in original); <u>see also</u> <u>Oregon v. Dilts</u>, 337 Or. 645, 651-52, 103 P.3d 95 (1994) (applying <u>Blakely</u> to the Oregon Sentencing Guidelines).

Under Oregon law, authorization for an upward departure based on multiple victims is expressly limited to multiple victims *of a single offense*. O.A.R. 213-008-0002(1)(b)(G). With the possible exception of case number 03C-46872, petitioner did not pled guilty or no context to any UUMV count involving multiple victims. <u>See</u> Resp. Exh. 102 at 6-7 & Exh. 105 at ER-2 to ER-8; Exh. 108 at 2. Consequently, under <u>Blakely</u>, the imposition of a departure sentence in any of petitioner's UUMV counts, based upon the multiplicity of victims, required the factual issue be submitted to a jury.

///
///
///
///

5 -- OPINION AND ORDER

Similarly, as respondent's concedes,[1] although a defendant's prior convictions falls outside the scope of Apprendi and Blakely,[2] a finding of persistent involvement in similar offenses presents a factual issue that must be presented to a jury. See State v. Bray, 342 Or. 711, 724, 160 P.3d 983 (2007); see also Butler v. Curry, 528 F.3d 624, 645-46 (9th Cir.), cert. denied, 129 S.Ct. 767 (2008); Shepard v. United States, 544 U.S. 13, 26 (2005).

Accordingly, the trial court's imposition of departure sentences based upon multiple victims or persistent involvement resulted in an unreasonable application of Blakely. However, because the failure to submit a sentencing factor to the jury is not a structural error, it is subject to harmless error analysis. Washington v. Recuenco, 548 U.S. 212, 222 (2006); Butler, 528 F.3d at 648. The harmless error analysis requires this court to determine if there is "grave doubt" as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt. Butler, 528 F.3d at 648.

Here, it was uncontested that petitioner had seven prior UUMV convictions. Tr. at 9. Defense counsel conceded at sentencing

---

[1] See Respondent's Response to Habeas Petition at 7 n.13 (noting that it "does not argue that an upward departure sentence based on persistent criminal behavior, the failure of prior supervision, or a greater degree of danger satisfied *Blakely* based on the admissions").

[2] See Almendarez-Torres v. United States, 523 U.S. 224 (1998).

that petitioner's criminal history "is such that he has a persistent involvement." Tr. at 18. Accordingly, I conclude that the <u>Blakely</u> error was harmless in this case and, therefore, habeas relief is not warranted.

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 2nd day of November, 2009.

```
                                    /s/ Garr M. King
                                    Garr M. King
                                    United States District Judge
```